UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-07692-JSW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 21, 22 |

Now before the Court for consideration is the motion for summary judgment filed by the City and County of San Francisco (the "City") and Kevin Spore ("Spore") (collectively "Defendants"). Also before the Court for consideration is the motion for leave to amend the complaint filed by Plaintiff Timothy Taylor ("Taylor"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds that the motions can be resolved without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing set for August 5, 2022, GRANTS Defendants' motion, and DENIES Taylor's motion.

**BACKGROUND**

It is undisputed that Taylor, who is African-American, is a former employee of the San Francisco Department of Public Works ("DPW"). According to Taylor, "the key focus" of his Complaint relates to allegations that Defendants disseminated false statements that he was not permitted on DPW premises because he posed a threat to others.[1] (*See* Notice of Removal, Ex. B (Complaint ("Compl."), ¶¶ 5-9.) Taylor also alleges that Spore engaged in conduct that caused

---

[1] According to Defendants, Taylor allegedly assaulted one female employee and engaged in a verbal altercation with another female employees. Defendants also assert that Taylor was not disciplined for the latter incident.

him acute stress, that his doctors recommended he not have contact with Spore, and that a worker's compensation investigation based on his stress brought to light the fact that Taylor owned a gun. Taylor alleges Defendants banned him from DPW premises and falsely asserted he was a threat to others when they knew he was not and failed to retract the workplace ban. (*See, e.g.,* Compl., ¶¶ 5-9); Dkt. No. 22 at ECF pp. 3-8, Proposed Amended Complaint ¶¶ 6, 8-12.) Taylor also alleges that that because he was concerned he would be a victim of violence if he returned to work, he was forced to resign on August 14, 2018.

On August 14, 2019, Taylor, through counsel, submitted a complaint to the Department of Fair Employment and Housing ("DFEH"), alleging that Defendants had harassed him and discriminated against him because of his race. Taylor did not mention any form of disability in that complaint, but he did state that he had been excluded from DPW premises based on allegations that he posed a danger to others. (Dkt. No. 26-1, Declaration of Kate Kimberlin, ¶ 8, Ex. B at ECF p. 25.) On July 20, 2020, Taylor filed his Complaint in San Francisco Superior Court and asserted three claims against Defendants. First, he asserted a claim under California's Fair Housing and Employment Act ("FEHA") and alleged Defendants discriminated against him, harassed him, and constructively discharged him on the basis of his race. (Compl. ¶ 10(2).)[2] Second, Taylor asserted a claim under 42 U.S.C. section 1983 for alleged discrimination and violation of his Due Process rights based on "race, disability, and/or age[.]" (*Id.* ¶ 15(2).) Finally, Taylor alleged Defendants terminated in him violation of public policy based on "race, disability, and/or age[.]" (*Id.* ¶ 20.)

On November 2, 2020, Defendants removed the matter to this Court and answered the Complaint. The parties submitted a joint case management conference statement on January 29, 2021. On February 1, 2021, the Court vacated the case management conference and issued an order scheduling trial and pretrial matters, including the deadline to complete fact and expert discovery and to hear dispositive motions. (Dkt. No. 12, Scheduling Order.) Although the Court did not set a specific deadline for the parties to file amended pleadings, it did state the parties

---

[2] The Complaint contains some duplicative paragraph numbers. To distinguish those paragraphs, the Court cites them as "¶ (#)(1)" and "¶ (x)(2)."

2

would need to show good cause to amend the deadlines in the Scheduling Order. (*Id.* at 2:6-9.) The Court granted two stipulated requests to modify the Scheduling Order. (Dkt. Nos. 16, 20.) Under the last modification, fact discovery closed on February 28, 2022, and the deadline to hear dispositive motions was set for August 5, 2022. Trial is not scheduled until March 2023. (Dkt. No. 20.)

On June 24, 2022, Defendants filed their motion for summary judgment and argued, in part, that Taylor failed to put forth evidence of racial discrimination. They also argued Taylor failed to exhaust any FEHA claims based on his age or based on disability. On July 2, 2022, Taylor filed his motion to amend. In that motion, Taylor stated "discovery revealed that [his] provable FEHA discrimination claims are slightly different from that originally envisaged, *e.g.*, not for racial discrimination[.]" (Mot. at 1:23-25.) Taylor seeks leave to amend his claim to pursue claims based on disability discrimination, failure to reasonably accommodate his disability, and failure to engage in good faith interactive dialogue.

On July 8, 2022, Taylor filed a partial opposition to Defendants' motion and conceded that "his FEHA claim cannot be sustained on the basis of … racial discrimination or harassment." (Opp. at 1:24-25.) Taylor also conceded that his second and third claims for relief "are procedurally flawed" and that Defendants are "entitled to summary adjudication of said claims." (Opp. at 2 n.1.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

A.  **Applicable Legal Standards.**

   1.  **Motion for Summary Judgment.**

"A party may move for summary judgment, identifying each claim or defense … on which summary judgment is sought." Fed. R. Civ. P. 56(a). A principal purpose of the summary judgment procedure is to identify and dispose of factually supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment, or partial summary judgment, is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for

3

summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. Once the moving party meets its initial burden, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**2.     Motion for Leave to Amend.**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right any time before a responsive pleading has been served. Once a responsive pleading has been served, however, the amendment requires written consent of the adverse party or leave of the court, and leave "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted).

The Court considers five factors to determine whether it should grant leave to amend: "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,]'" and (5) whether the moving party previously amended a pleading. *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (listing the first four factors as factors to be considered). Each factor is not given

4

equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Absent prejudice, or a strong showing of any of the remaining … factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

Once a court has entered a scheduling order, the standards set forth in Rule 16 apply, and a court can modify the scheduling order only for good cause.[3] Fed. R. Civ. P. 16(b)(4). Under Rule 16, a court's inquiry should focus on a party's diligence. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to show diligence, the inquiry should end. *Id.*

**B.     The Court Concludes Taylor Failed to Exhaust Administrative Remedies.**

In order to pursue his FEHA claim based on disability discrimination, Taylor must have exhausted his administrative remedies. *See, e.g., Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001); *Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1345 (2014).[4] Exhaustion requires a plaintiff to file a written complaint with DFEH within one year of the alleged unlawful discrimination. *Romano v. Rockwell, Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996). "The scope of the written administrative charge defines the permissible scope of the subsequent civil action." *Rodriguez*, 265 F.3d at 897 (citing *Yurick*, 209 Cal. App. 3d at 1121-23). FEHA's procedural requirements should be construed liberally. Yet, if there are allegations in a civil complaint that "fall outside of the scope of the administrative charge," those allegations will be barred. *Id.*

---

[3]    It is not clear whether a scheduling order that does not include a deadline to amend the pleadings, as was the case here, triggers Rule 16. *Compare Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. 06-cv-3359-JF-RS, 2009 WL 667171, at *1 n.2 (N.D. Cal. Mar. 10, 2009) (opining Rule 16 "likely" applies where scheduling order did not set deadline for amended pleadings but set deadlines for dispositive motions which "assume closure of the pleadings") *with Moreno v. Autozone, Inc.*, No. 05-cv-4432-MJJ, 2007 WL 1063433, at *8 (N.D. Cal. Apr. 9, 2007) (applying Rule 15 where court did not formally approve proposed order submitted with joint case management statement). The Court concludes that under either standard, the motion should be denied.

[4]    The Federal Civil Rights Act of 1964 ("Title VII") "is the federal counterpart to FEHA," and courts "may look to federal authority regarding Title VII and similar civil rights statutes when interpreting analogous statutory provisions of FEHA." *Rodriguez*, 265 F.3d at 896 n.4; *see also Yurick v. Sup. Ct.*, 209 Cal. App. 3d 1116, 1121 (1989).

In *Rodriguez*, the plaintiff's original complaint to DFEH was based only on racial discrimination, although well after FEHA's one-year limitations period expired, DFEH granted the plaintiff leave to amend to include charges of disability discrimination. 265 F.3d at 896. The trial court granted summary judgment based on the failure to exhaust. The Ninth Circuit affirmed the court on that basis but remanded the case because the plaintiff argued the limitations period should have been tolled on equitable grounds.

In upholding the district court's ruling on exhaustion, the court explained that for the charge of disability to fall within the scope of the original charge, "the disability ground would have to be 'like or reasonably related' to the claim of race discrimination." *Id.* at 897 (quoting *Sandhu v. Lockheed Missiles & Space Co.*, 26 Cal. App. 4th 846, 859 (1994).) The plaintiff was discharged for excessive absenteeism, which he claimed was unjustified. The court reasoned that the claim for disability discrimination was not reasonably related to his claim for racial discrimination because "[t]he two claims involve totally different kinds of allegedly improper conduct, and investigation into one claim would not likely lead to investigation of the other." *Id.* That was true even though they arose out of the same facts and even though the plaintiff, who filed the administrative charge without the benefit of counsel, allegedly told a DFEH employee he thought the defendant discriminated against him based on a mental disability. *Id.*

In contrast, in *Sandhu* the plaintiff filed a charge with DFEH asserting discrimination based race but did not check the box that discrimination also was based on national origin. He subsequently filed suit alleging discrimination based on race and on national origin. The court reversed the trial court's decision to dismiss the claims. It held that under the "like or reasonably related standard," it was "confident that the administrative investigation into [the plaintiff's] claim of disparate treatment because he was 'Asian' would likely have encompassed both race and national origin." *Sandhu*, 26 Cal. App. 4th at 859.

It is undisputed that Taylor did file a charge with DFEH. It also is undisputed that he did not expressly include a charge for discrimination based on mental disability. The facts here do not involve claims like *Sandhu* where the claims of racial and national origin discrimination were so closely connected that it was clear the DFEH investigation would have encompassed both. They

also are not analogous to the facts in *Johns v. Brennan*, on which Taylor relies. 761 Fed. Appx. 742 (9th Cir. 2019). There, the plaintiff filed an administrative claim based on disability discrimination. When she filed her civil complaint, she also included a claim based on constructive discharge, which arose after she had filed the administrative charge. *Id.* at 744. The court concluded that because the plaintiff's administrative complaint had included allegations of continued and repeated discrimination, an investigation of that conduct would have lead to an investigation into whether she the plaintiff was "forced to quit because of intolerable and discriminatory working conditions." *Id.*

The Court finds the facts in this case are analogous to the allegations in *Rodriguez*. Although the workplace ban may be the foundation of Taylor's complaint against his employer, a claim based on racial discrimination arising out of those facts and a claim for disability discrimination arising out of those facts would "involve totally different kinds of allegedly improper conduct, and investigation into one claim would not likely lead to investigation of the other." 265 F.3d at 897. Moreover, unlike the plaintiff in *Rodriguez*, Taylor's counsel filed the charge with DFEH. (Kimberlin Decl., Ex. B at ECF pp. 25-26.) Therefore, the Court concludes it "would not be proper" to expand Taylor's claim "when 'the difference between the charge and the complaint is a matter of adding an entirely new basis for the alleged discrimination.'" *Rodriguez*, 265 F.3d at 897 (quoting *Okoli v. Lockheed Missiles & Space Co.*, 36 Cal. App. 4th 1607, 1615)).

Accordingly, the Court also GRANTS Defendants' motion for summary judgment on the FEHA claim based on Taylor's failure to exhaust and DENIES the motion for leave to amend on the basis that amendment would be futile. Even if the record would support a finding that Taylor did exhaust a claim based on his alleged disability, the Court still would find amendment is not warranted. First, the Court concludes Taylor has not shown diligence in seeking leave to amend or good cause to excuse his lack of diligence. He has known of the facts that support the claim for disability discrimination since at least February of this year but claims he did not move to amend before now because he and opposing counsel were engaged in other matters. Second, in light of the current stage of the proceedings, the Court finds that this delay is not justified. Finally, because Taylor is seeking to include a new theory of liability after fact discovery has closed and

after Defendants moved for summary judgment, the Court concludes Defendants would be prejudiced by the proposed amendment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment and DENIES Taylor's motion for leave to amend. The Court shall issue a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED**.

Dated: July 25, 2022

_____
JEFFREY S. WHITE
United States District Judge